**FILED**

DEC - 8 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN RICE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. **09 2324** |
| ELIZABETH WINDSOR II, *et al.*, | ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* petition for a writ of mandamus. The court will grant the application, and dismiss the petition.

Petitioner appears to allege that he is the beneficiary of a trust, the assets of which are under the control of Her Majesty the Queen of England and the Secretary of the United States Department of the Treasury, among others. Further, he appears to demand an accounting of all trust assets and, when completed, he demands that these assets be handed over to him.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

Petitioner does not establish any of these elements. He fails to demonstrate his clear right to relief, the respondents' clear duty to perform as he requests, and the lack of any other remedy. Because the petition does not state a claim upon which mandamus relief may be granted, the petition will be denied. An Order consistent with this Memorandum Opinion is issued separately.

/s/ Ricardo M. Urbina
United States District Judge

Date: 11/30/09